Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION
TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**September 13, 2017**

Name of Offender: **Brandon Scott Dawson**

Case Number: **2:16-00547M**

Name of Sentencing Judicial Officer: **Honorable Peggy A. Leen, U.S. Magistrate Judge**

Date of Original Sentence: **December 21, 2016**

Original Offense: **Assault by Striking, Beating and Wounding, a Class A Misdemeanor**

Original Sentence: **8 Months prison, followed by 12 Months TSR.**

Date Supervision Commenced: **April 11, 2017**

Name of Assigned Judicial Officer: **Honorable Peggy A. Leen, U.S. Magistrate Judge**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

1. **Home Confinement with Location Monitoring** – You will be monitored by the form of location monitoring technology indicated below for a period up to 6 months, and you must follow the rules and regulations of the location monitoring program.

   ☒ Location monitoring technology at the discretion of the probation officer.

   This form of location monitoring technology will be used to monitor the following restriction on your movement in the community (choose one):

   ☒ You are restricted to your residence every day from __ to __, or as directed by the probation officer **(Curfew)**.

## CAUSE

- **Special Condition**:  **Victim-Witness Prohibition – You shall not have contact, directly or indirectly, with any victim or witness in this instant offense, unless under the supervision of the probation officer.**

On April 14, 2017, Mr. Dawson admitted having frequent contact with Michelle King, the victim in his instant offense. This officer spoke with Ms. King and she admitted visiting Mr. Dawson while he served his custodial sentence. He was directed not to have contact with Ms. King.

On September 3, 2017, this officer received an email from Ms. King advising she had been hesitant on contacting this officer due to possible repercussions from Mr. Dawson. She expressed being concerned with her safety and other women whom the offender may have a relationship with. She reported she did not want to "feel guilty" if Mr. Dawson was incarcerated due to them having contact. She inquired what would happen if she presented this officer proof of being abused by Mr. Dawson since his release from custody. She emailed this officer again advising "I would like to reiterate that my previous email is not insinuating that we've been in contact but I am just curious what would happen if we were. Again, sorry to bug you about this. Please keep this between us". This officer has repeatedly attempted to speak with Ms. King but she has not responded to this officer's attempts to reach her.

On September 4, 2017, this officer was contacted by Tom Haney, Ms. King's roommate. He reported Mr. Dawson's vehicle had been parked at his residence that Mr. Dawson had attempted to enter his home through a window. He reported since approximately August 4, 2017, Mr. Dawson had been frequenting his residence. He reported recently Mr. Dawson shoved Ms. Kings' head against a wall.

On September 4, 2017, this officer contacted Mr. Dawson and directed that he not have contact with Ms. King. Initially he denied having contact with Ms. King, however later acknowledged having contact with her. He was directed to report on September 5, 2017. He failed to report as instructed.

- **Mandatory Condition – You must not unlawfully possess a controlled substance.**

On September 13, 2017, this officer directed Mr. Dawson to report to the U.S. Probation office on September 14, 2016 to submit a urine specimen for drug testing. This officer advised Mr. Dawson, that the urine specimen would be tested for steroids. This officer asked Mr. Dawson if the drug test would be positive for steroids.

Mr. Dawson denied consuming steroids but admitted injecting himself daily with Human Growth Hormone (HGH). Mr. Dawson reported the substance had not been prescribed to him by any medical professional. He reported purchasing the substance on-line and it is mailed to his home. HGH is banned by the Food and Drug Administration for all but a few specific medical conditions.

On September 14, 2017, Mr. Dawson met with Supervising U.S. Probation Officer Robert Aquino and this officer. We discussed the above alleged violation conduct. In addition to the above violation conduct, Mr. Dawson admitted traveling outside the District of Nevada without

approval of the U.S. Probation Office.  He expressed remorse for his conduct and pledged to come into compliance with the Court's orders. He reported seeking private mental health treatment through the Southern Nevada Mental to address his anger on September 11, 2017 and being prescribed mood stabilizer medication.

In lieu of this officer seeking revocation action for the above listed violation conduct, Mr. Dawson has a Waver of Hearing form, agreeing to comply with the proposed conditions.

Respectfully submitted,

_____
Scott Phillips
Senior United States Probation Officer

Approved:

_____
Robert Aquino
Supervisory United States Probation Officer

### THE COURT ORDERS

☐     No Action.
☐     The extension of supervision as noted above.
☒     The modification of conditions as noted above
☐     Other (please include Judicial Officer instructions below):

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

_____
Signature of Judicial Officer

September 15, 2017
Date